UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**SHAQUILLE PARKER,**
    Plaintiff,

v.

**DEANDREA PUGH, et al.,**
    Defendants.

Case No. 2:22-cv-722-CLM-HNJ

## MEMORANDUM OPINION

The Magistrate Judge has entered a report, recommending that the court treat Defendants' special reports as motions for summary judgment and grant summary judgment in Defendants' favor. (Doc. 45). Plaintiff Shaquille Parker objects to the report and recommendation. (Doc. 46).

In his objections, Parker argues the Magistrate Judge viewed all evidence in the light most favorable to Defendants and made "unreasonable" inferences against Parker in recommending the court grant summary judgment to Defendants on Parker's denial of access to courts claim.[1]

1. <u>Backwards-looking claims</u>: Parker's access to courts claim alleges that the Alabama Supreme Court dismissed his cert petition on the denial of a Rule 32 petition because Defendants delayed the delivery of Parker's mail. The Magistrate Judge recommends that the court dismiss Parker's access to courts claim because he hasn't shown that the claims he asked the Alabama Supreme Court to review were arguable or nonfrivolous. According to Parker, he shouldn't need to establish that his claims were arguable or nonfrivolous because he can show that Defendants' actions led to dismissal of his appeal rather than merely assert that they have created roadblocks to potential future litigation.

---

[1] Parker does not object to the Magistrate Judge's recommendation that the court grant summary judgment on his interference with mail claim. (*See generally* Doc. 46).

In both forward-looking class actions and backwards-looking access to courts claims, the plaintiff must show "that the 'arguable' nature of the underlying claim is more than hope." *See Christopher v. Harbury*, 536 U.S. 403, 414–16 (2002); *see also Allen v. St. John*, 827 F. App'x 1002, 1005 (11th Cir. 2020) ("It is not enough for [the plaintiff] to allege that his earlier civil rights appeal was dismissed because of the defendants' interference. A plaintiff must also show that his underlying claims in the earlier lawsuit were 'nonfrivolous' and 'arguable.'"). So the magistrate judge correctly found that Parker had to show that his cert petition presented a legitimate claim, and the court will overrule this objection.

2. <u>Rule 56 standard</u>: Parker next argues that the Magistrate Judge improperly viewed the facts and evidence in the light most favorable to Defendants when he recommended that the court find that Parker did not present an arguable, nonfrivolous claim in state court. (Doc. 46, pp. 6–8). The Magistrate Judge recounting events reflected in the state court docket does not equate to impermissibly drawing conclusions or inferences in favor of Defendants. And Parker doesn't dispute the accuracy of the Magistrate Judge's recitation of Parker's state court case[2] or the Alabama Court of Criminal Appeals' ("ACCA") findings about Parker's claims.

Parker does make the conclusory assertion that the claims he wanted reviewed in the Alabama Supreme Court were arguable. But having reviewed the ACCA and the Magistrate Judge's analysis of Parker's claims, the court finds that there is no genuine issue of material fact over whether Parker's claims were arguable. (*See* Doc. 45, pp. 27–30). Parker's claims lacked merit for the reasons explained by the ACCA, and the court will overrule Parker's objection that the Magistrate Judge didn't correctly apply the Rule 56 standard.

---

[2] Parker clarifies that while he did not file a pro se motion to withdraw counsel in the state court case at issue, he did file the motion in his probation revocation case pending at the same time and in which the same lawyer represented him. (Doc. 46, pp. 11–12). Parker does not address the ACCA's conclusion that Parker failed to properly assert in his Rule 32 petition his claim that the Circuit Court denied him counsel at a critical stage. Nor does Parker explain how the Circuit Court could have denied him counsel at a critical stage when, in fact, counsel represented Parker at the relevant time. If Parker had not been represented by counsel, there would have been no need to file a pro se motion to withdraw counsel.

3. <u>Sua sponte summary judgment</u>: Parker also says that the Magistrate Judge's report "came up with an entire argument that defendants never even thought to use as a defense in a[n] unjust endeavor to discredit and oust plaintiff's access to courts claim." (Doc. 46, p. 8). Under Rule 56(f), the court may grant summary judgment on grounds not raised by a party as long as it gives the plaintiff notice and a reasonable time to respond. *See* Fed. R. Civ. P. 56(f)(2). Even if, as Parker contends, Defendants didn't raise the arguable or nonfrivolous claim requirement in their summary judgment motions, the Magistrate Judge's report and recommendation gave Parker adequate notice that the court may dismiss his access to courts claims on these grounds. *See Shivers v. Int'l Bros. of Elec. Workers Local Union 349*, 262 F. App'x 121, 127 (11th Cir. 2008). Parker also had an opportunity to respond to this ground for dismissal because the Magistrate Judge gave him 14 days to object to the report and recommendation, and Parker responded to the merits of the Magistrate Judge's recommendation. So the court overrules this objection.

4. <u>Refusal to consider habeas petition</u>: Parker finally argues that the Magistrate Judge taking judicial notice of his state court records and considering the merits of his state court claims contradicts this court's refusal to rule on his requests for habeas relief. (Doc. 46, pp. 8–9). Parker conflates two unrelated issues. In his original complaint, Parker sought as relief the reversal of his state-court criminal convictions, his immediate release from prison, or the reinstatement of his petition for writ of certiorari in the Alabama Supreme Court. (Doc. 1, p. 5). The court explained that this requested relief isn't appropriate in a § 1983 action. (Doc. 4).

To the extent that Parker sought relief from his state court conviction, rather than monetary or injunctive relief for the violation of his First Amendment Rights, Parker had to file a writ of habeas corpus under 28 U.S.C. § 2254. Parker later filed a § 2254 petition in this court. *See Shaquille Parker v. Warden Smith, et al.*, Case No. 5:22-cv-813-AMM-HNJ (N.D. Ala. filed June 30, 2022). The court ultimately dismissed Parker's petition for lack of jurisdiction because it was a second or successive petition and Parker hadn't gotten permission from the Eleventh Circuit to file it. (*See* Docs. 8, 10, 11 in Case No. 5:22-cv-813-AMM-HNJ).

It's not contradictory to find that the court lacks the power to overturn Parker's state court conviction but consider the merits of Parker's state-law claims in assessing his access to courts claim. As explained, to show actual injury with an access to courts claim, the plaintiff must establish that the defendants' actions or inactions impeded the plaintiff's pursuit of a nonfrivolous, post-conviction claim or civil rights action. *See Christopher*, 536 U.S. at 414 – 15; *Allen*, 827 App'x at 1005. So for his access to courts claim to survive summary judgment, Parker needed to establish a genuine issue of material fact about the non-frivolousness and arguability of the claims he asserted in the state-court action. Parker failed to do so. As a result, the court will overrule this objection.

—

After considering the record, including the Magistrate Judge's report and Parker's objections, the court **ADOPTS** the report, **ACCEPTS** the recommendation, and **OVERRULES** Parker's objections. Consistent with that recommendation, the court will **GRANT** Defendants' motions for summary judgment (doc. 26; doc. 31).

The court will enter a separate final judgment that closes this case.

**Done** on March 4, 2024.

*/s/ Corey L. Maze*
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE